UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

REBECCA JOHNSON,
    *Plaintiff*,

v.

TERESA GONZALEZ et al.,
    *Defendants*.

Case No. 3:21-cv-585 (CSH)
April 4, 2023

## ORDER

**HAIGHT, Senior District Judge:**

Rebecca Johnson ("Plaintiff") brings this action under federal civil rights law against her former employer, the State of Connecticut Department of Developmental Services ("DDS"), and DDS employees Teresa Gonzalez and Belinda Weaver (collectively, "Defendants").[1] Pending before the Court is Plaintiff's Motion to Terminate Stay of Discovery (Doc. 40), which seeks to terminate the stay of discovery entered by this Court until the resolution of Defendants' Motion to Dismiss the Amended Complaint. Also pending is Plaintiff's self-styled Motion for Miscellaneous Relief (Doc. 41), which seeks not only to terminate the stay of discovery, but also to have the Court enter an order deeming Defendants to have waived any objections to Plaintiff's discovery requests as a result of their failure to raise such objections while the stay of discovery has been in effect. Both motions are opposed and are ripe for consideration. This Ruling resolves them.

---

[1] In the Motion to Dismiss, counsel for DDS, Gonzalez, and Weaver contend that DDS and Weaver are not properly defendants in this action, because Plaintiff's counsel failed to name them in the caption of the Amended Complaint (Doc. 9), as required by Fed. R. Civ. P. 10(a). The caption of the Amended Complaint reads in its entirety: "JOHNSON, REBECCA L. Plaintiff v. GONZALEZ, TERESA, ET AL. Defendant". Am. Compl. at 1 (capitalization altered). The Court will not, at this time, resolve the issue of whether Plaintiff has properly named DDS and Weaver in the caption, but will reserve decision on that question for its ruling on the Motion to Dismiss. Until then, for brevity, the Court will refer to DDS, Gonzalez, and Weaver collectively as "Defendants" without deciding the issue.

1

## I. BACKGROUND

Plaintiff commenced this action on April 28, 2021, and on June 12, 2021, she filed an Amended Complaint with permission of the Court. Compl. (Doc. 1); Am. Compl. (Doc. 9). Her claims against Defendants arise from her employment at DDS from June 21, 2019 to September 17, 2019, when she was terminated. Am. Compl. at 2 ¶ 9, 3 ¶ 13. Defendants state that Johnson was terminated for failing her working test period, while Johnson alleges that she was denied training opportunities and terminated on account of her race. *Id.* at 3 ¶ 16, 4 ¶ 20–22. The case was initially assigned to Judge Alfred V. Covello. *See* Order of Transfer (Doc. 38).

On September 10, 2021, Defendants filed a Motion to Dismiss the Amended Complaint (Doc. 22) in its entirety and a Motion to Stay Discovery (Doc. 23) pending resolution of the Motion to Dismiss. While the Motion to Stay Discovery was pending, Defendants were granted two extensions of time to respond to Plaintiff's interrogatories and requests for production. *See* Docs. 25, 32. Plaintiff filed a memorandum in opposition to the Motion to Dismiss but did not, at the time, object to the Motion to Stay Discovery. *See* Mem. in Opp'n (Doc. 28). Judge Covello granted the Motion to Stay Discovery on February 2, 2022, *see* Doc. 37, and on July 1, 2022, the matter was transferred to the undersigned following the retirement of Judge Covello, *see* Doc. 38.

Since the transfer, Plaintiff has filed two motions, which are now pending before the Court: a Motion to Terminate Stay of Discovery (Doc. 40) (for brevity, "Motion I"), filed on July 26, 2022, and a self-styled "Motion for Miscellaneous Relief" (Doc. 41) ("Motion II"), filed on December 28, 2022. With Motion I, Plaintiff seeks to terminate the stay in discovery. *See* Mot. I at 3. With Motion II, Plaintiff seeks to have the Court enter an order that Defendants are "deemed to have waived any objections" to Plaintiff's discovery requests as a result of their failure to raise such objections while the stay of discovery has been in effect. *See* Mot. II at 2.

With respect to Motion I, Defendants stated an opposition to the motion to lift the stay but did not file further papers beyond their original memorandum in support of the Motion to stay Discovery. *See* Mot. I at 3 ¶ 9. With respect to Motion II, Defendants filed a response in opposition on January 3, 2023. *See generally* Defs.' Resp. (Doc. 42).[2] The Court will address the pending discovery-related motions in turn.

## II. STANDARD OF REVIEW

Rule 26(c) of the Federal Rules of Civil Procedure provides, in relevant part: "The court may, for good cause, issue an order to protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense, including . . . forbidding the disclosure or discovery[.]" Fed. R. Civ. P. 26(c)(1)(A). A request for a stay of discovery is treated as a request for a protective order under Rule 26(c). *See, e.g.*, *Stanley Works Israel Ltd. v. 500 Grp., Inc.*, No. 3:17-CV-01765 (CSH), 2018 WL 1960112, at *2 (D. Conn. Apr. 26, 2018); *Morien v. Munich Reins. Am., Inc.*,

---

[2] In Motion II, Plaintiff's counsel, Attorney Josephine Miller, stated that inquiry was made of defense counsel on December 26, 2022 regarding the motion, but Attorney Miller had not received a response as of December 28, 2022. Mot. II at 2 ¶ 8. Defense counsel state that Attorney Miller emailed only Assistant Attorney General Carolyn Ennis and not Assistant Attorney General Sarah Bold, both of whom one of represent Defendants (and whose email addresses are both available on the docket); that the email requested only in general terms Attorney Ennis's position regarding "a motion [Plaintiff intends] to file regarding the progress of discovery in this matter[;]" and that Attorney Ennis had an out-of-office message activated at the time. Defs.' Resp. (Doc. 42) at 1. None of these details were included in Attorney Miller's representation. *See* Mot. II at 2 ¶ 8.
    Local Rule 37, governing discovery disputes, provides as follows:
> No motion pursuant to Rules 26 through 37, Fed. R. Civ. P. shall be filed unless counsel making the motion has conferred, in person or by telephone, with opposing counsel and discussed the discovery issues between them in detail in a good faith effort to eliminate or reduce the area of controversy, and to arrive at a mutually satisfactory resolution. In the event the consultations of counsel do not fully resolve the discovery issues, counsel making a discovery motion shall file with the Court, as a part of the motion papers, an affidavit certifying that he or she has conferred with counsel for the opposing party in an effort in good faith to resolve by agreement the issues raised by the motion without the intervention of the Court, and has been unable to reach such an agreement. If some of the issues raised by the motion have been resolved by agreement, the affidavit shall specify the issues so resolved and the issues remaining unresolved.

D. Conn. Loc. Civ. R. 37. Motion II concerns the stay of discovery entered pursuant to Rule 26(c), although it does not expressly name any particular Rules of Civil Procedure. *See generally* Mot. II.
    The efforts of Attorney Miller to resolve the dispute with Attorney Ennis—consisting, as they appear to, of a perfunctory email sent to one of two defense attorneys on December 26—do not satisfy the requirements of Local Rule 37. The Court will review the merits of Motion II, but counsel are reminded of the obligations of good-faith communication during discovery disputes laid out by Local Rule 37.

3

270 F.R.D. 65, 66 (D. Conn. 2010); *Transunion Corp. v. PepsiCo, Inc.*, 811 F.2d 127, 130 (2d Cir. 1987). "[T]he power to stay proceedings is incidental to the power inherent in every court to control the disposition of the causes on its docket with economy of time and effort for itself, for counsel, and for litigants." *Landis v. N. Am. Co.*, 299 U.S. 248, 254 (1936). Thus, a "request for a stay of discovery, pursuant to Rule 26(c) is committed to the sound discretion of the court based on a showing of good cause." *ITT Corp. v. Travelers Cas. & Sur. Co.*, No. 3:12-CV-0038(RNC), 2012 WL 2944357, at *2 (D. Conn. July 19, 2012) (quotation marks and citation omitted). The party seeking the stay bears the burden of showing that good cause exists for its request. *Morien*, 270 F.R.D. at 66-67.

Where a party seeks a stay of discovery pending resolution of a dispositive motion, the Court considers "(1) the strength of the dispositive motion; (2) the breadth of the discovery sought; and (3) the prejudice a stay would have on the non-moving party." *Lithgow v. Edelmann*, 247 F.R.D. 61, 62 (D. Conn. 2007) (citation omitted). "[W]hile discovery may in a proper case be stayed pending the outcome of a motion to dismiss, the issuance of a stay is by no means automatic." *Spencer Trask Software & Info. Servs., LLC v. RPost Intil Ltd.*, 206 F.R.D. 367, 368 (S.D.N.Y. 2002) (quotation marks and citation omitted) (collecting cases).

### III. DISCUSSION

Plaintiff contends that the lapse of time during the pendency of the Motion to Dismiss has hampered, and will continue to hamper, her ability to ensure that evidence is preserved. Mot. I at 3. She cites researchers who have concluded, "It is not all that unusual for six months to a year to elapse between the filing of a motion to dismiss and the court's decision on that motion." Mot. 1 at 3 ¶ 8 (citing Edward A. Hartnett, *Taming Twombly, Even After Iqbal*, 158 U. PA. L. REV. 473, 508 n.151 (2010)). Plaintiff also states generally, though without referencing any particular event

4

or facts in this case, "We have seen in recent weeks how important documents such as text messages can 'go missing'." Mot. 1 at 3 ¶ 8. Motion II further details the procedural history of the case, in particular, the fact that Defendants filed, and were granted, multiple motions for extension of time to respond to discovery before the stay was entered. Mot. II at 1–2 ¶¶ 4–6.[3]

While Defendants did not respond to Motion I (other than to tell Plaintiff that they opposed it), in their initial Motion to Stay Discovery, Defendants argued that the underlying Motion to Dismiss the claims in the Amended Complaint is well-founded, based on seven independent arguments; that the discovery requests are extensive and would be unduly burdensome, particularly on two individual defendants, one of whom has since retired from DDS; and that Plaintiff will not be prejudiced by the stay. *See* Mot. to Stay Discovery at 3–5. In response to Motion II, Defendants contend that their inactivity should not be construed as a failure to object or to respond to Plaintiff's discovery requests, because discovery has been stayed by Court order. *See* Defs.' Resp. at 3.

**A. Motion to Terminate Stay of Discovery (Motion I)**

In considering whether a stay is warranted, the Court first considers the strength of the motion to dismiss. *See Lithgow*, 247 F.R.D. at 62. In evaluating this factor, courts will look to see whether there are "substantial arguments for dismissal," or, stated differently, whether "there has been a strong showing that the plaintiff's claim is unmeritorious." *Hong Leong Fin. Ltd.*

---

[3] Plaintiff claims that, in addition to the two motions for extensions of time mentioned above, Defendants were granted a third such motion. *See* Mot. II at 1–2 ¶¶ 4–6. This is incorrect, at least in a technical sense. Defendants filed two motions for extensions of time that this Court granted. *See* First Mot. for Extension of Time (Doc. 25); Order Granting First Mot. for Extension of Time (Doc. 27); Second Mot. for Extension of Time (Doc. 32); Order Granting Second Mot. for Extension of Time (Doc. 33). On February 1, 2022, Defendants filed a third motion for an extension of time until March 7, 2022 to produce discovery. *See* Third Mot. for Extension of Time (Doc. 35). The next day, the Court granted the Motion to Stay Discovery and, as a result, denied as moot the motion for an extension of time. *See* Doc. 35.

While seemingly trivial, the distinction is of central importance to resolving Motion II, because Plaintiff implies that Defendants' failure to respond to the discovery requests is somehow improper, and a sound basis on which to deem Defendants to have waived all objections to the requests. *See* Mot. II at 2 ¶ 7 ("Since March 7, 2022 and [during] the ensuing **ten (10) months** Defendants have filed no further requests for extensions of time to respond or object to Plaintiff's discovery." (Emphasis in original.)).

*(Singapore) v. Pinnacle Performance Ltd.*, 297 F.R.D. 69, 72 (S.D.N.Y. 2013) (quotation marks and citation omitted). Here, the analysis closely resembles that in *Stanley Works Israel*, 2018 WL 1960112, at *3: Defendants have moved to dismiss Plaintiff's Amended Complaint pursuant to Rules 12(b)(1) and 12(b)(6) of the Federal Rules of Civil Procedure, on the grounds that the Court lacks subject matter jurisdiction over several of the claims, and that the remaining claims must be dismissed because they fail to state a legally cognizable claim. *See* Doc. 22-1. Defendants' arguments for dismissal are numerous,[4] but Defendants would need to prevail on nearly all of their arguments to result in the Amended Complaint being dismissed in its entirety.

Here, as in *Stanley Works Israel*,

> Plaintiff has opposed that motion, and Defendants have replied. Both sides strongly insist that their adversary's position has no merit. The Court will not attempt to predict the outcome of the motion to dismiss. It is sufficient for these purposes to state that both parties have raised arguments, founded in law, and while Defendants' motion to dismiss is potentially dispositive, it is not at all clear that Plaintiff's claims are wholly unmeritorious. *See Levinson v. Pscc Servs., Inc.*, No. 3:09-CV-00269 (PCD), 2009 WL 10690157, at *2 (D. Conn. Sept. 16, 2009) ("[I]t is clear that none of the claims is so frivolous or glaringly deficient as to warrant a stay of discovery.").

---

[4] Defendants summarize their arguments as follows:
- Plaintiff's claims against DDS and Weaver must be dismissed because they are not named as parties in the case caption as required by Federal Rule of Civil Procedure 10(a).
- Plaintiff's claims pursuant to 42 U.S.C § 1981 against Gonzalez and Weaver must be dismissed because 42 U.S.C. § 1983 provides the exclusive federal remedy (Count One).
- Plaintiff's claims pursuant to 42 U.S.C. § 1983 against Gonzalez and Weaver in their official capacities is barred by the Eleventh Amendment (Count Two).
- Plaintiff's claims pursuant to 42 U.S.C. 1983 against Gonzalez and Weaver in their individual capacities must be dismissed for failure to state a claim of discrimination under the equal protection clause and on the basis of qualified immunity (Count Two).
- Plaintiff's Title VII claims against DDS for discrimination and retaliation fail to state a claim upon which relief may be granted (Counts Three and Four).
- Plaintiff's claims of defamation against DDS and Gonzalez and Weaver in their official capacities are barred by the Eleventh Amendment (Count Five).
- Plaintiff's claims of defamation against Gonzalez and Weaver in their individual capacities fail to state a claim upon which relief may be granted (Count Five).

Defs.' Mem. of L. in Supp't of Mot. to Stay Discovery (Doc. 23-1) at 2.

2018 WL 1960112, at *3. As a result, and again as in *Stanley Works Israel*, this first factor "does not weigh in favor of either party." *Id.*

Next, the Court considers whether the breadth of the discovery sought and the burden of responding support lifting the stay of discovery. *See Stanley Works Israel*, 2018 WL 1960112, at *3. Plaintiff asserts that any such burden would be minimal because the dispute is limited in time and scope, stating that "[t]his is not the kind of case where there is anticipated to be thousands or even hundreds of pages of electronic documents to be produced or where the costs of discovery will be prohibitive." Mot. I at 3 ¶ 8. Defendants argue that Plaintiff's document requests are "extensive" and that Gonzalez's retirement from DDS will heighten the burden of providing discovery with respect to that Defendant. Doc. 28 at 2. The Parties have not attached Plaintiff's actual discovery requests to their filings, and while Defendants allege that the production of documents would be time-consuming, they do not allege that Plaintiff's requests themselves are unduly broad in light of the nature of the dispute. Accordingly, because of the limited scope of this dispute, the Court concludes that the breadth of discovery is not especially broad, nor does the burden on Defendants appear substantial. This factor weighs in favor of lifting the stay.

Finally, the Court considers whether Plaintiff would be prejudiced by a continued stay of discovery. In *Stanley Works Israel*, I concluded that neither side presented a compelling argument on this factor and therefore "that a delay would prejudice Plaintiff, but no more so than any other litigant seeking prompt resolution of its claims[,]" 2018 WL 1960112, at *3. Here, as in in *Stanley Works Israel*, the case was transferred to the undersigned after initially being assigned to another Judge of this Court. *See id.* at *1. But *Stanley Works Israel* was transferred only thirty-six days after filing, before any defendants had answered, *see Stanley Works Israel Ltd. v. 500 Grp., Inc.*, No. 3:17-CV-01765 (CSH), (D. Conn. Dec. 5, 2017), Order of Transfer (Doc. 14). The transfer in

7

this case, by contrast, occurred some time after the dispositive motion was filed, delaying its resolution. *See* Docs. 22, 38. Gonzalez's retirement from DDS, Doc. 28 at 2, and the possibility of evidence being lost due to the lapse of time since Plaintiff's employment at DDS in the summer of 2019, may also prejudice Plaintiff in her efforts to collect discovery. This factor therefore weighs slightly in favor of lifting the stay.

Upon consideration of the above factors, two of which favor lifting the stay, the Court concludes that the stay on discovery should be lifted. At this point, the Court is not persuaded that the motion to dismiss will likely be dispositive of all the claims alleged in this matter. Moreover, the limited scope of discovery and the absence of a demonstrable burden on Defendants to respond to Plaintiff's requests favor lifting a stay on discovery. And while the prejudice from a stay to Plaintiff may be slight, there still exists the risk of prejudice should the case proceed past the pleading stage. Accordingly, Plaintiff's motion to lift the stay will be granted.

**B. Motion for Miscellaneous Relief (Motion II)**

Also before the Court is Plaintiff's Motion for Miscellaneous Relief, in which Plaintiff seeks to have the Court enter an order that Defendants are "deemed to have waived any objections" to Plaintiff's discovery requests as a result of their failure to raise such objections while the stay of discovery has been in effect. *See* Mot. II at 2. Plaintiff also seeks an order requiring Defendants to respond fully to all of Plaintiff's discovery requests. *Id.* In response, Defendants contend that their inactivity should not be construed as a failure to object or to respond to Plaintiff's discovery requests, because discovery has been stayed by Court order. See Defs.' Resp. at 3. The Court agrees with Defendants: while the deadline for discovery was extended, and then stayed, Defendants have not been under any obligation to respond or object to Plaintiff's interrogatories and

requests for production. Their failure to do so does not waive such objections. As the stay on discovery is now lifted, Defendants may make any objections they deem appropriate.

## IV. CONCLUSION

For the reasons stated above, Plaintiff's Motion to Terminate the Stay of Discovery [Doc. 40] is **GRANTED**. Plaintiff's Motion for Miscellaneous Relief [Doc. 41] is **DENIED**.

The stay of discovery entered on February 2, 2022 [Doc. 37] is **LIFTED** and the Scheduling Order [Doc. 20] is modified as follows. Discovery shall be complete by **September 1, 2023**. Defendants shall respond or object to Plaintiff's interrogatories and requests for production by that time.

It is SO ORDERED.

Dated at New Haven this 4th day of April 2023.

*/s/ Charles S. Haight, Jr.*
CHARLES S. HAIGHT, JR.
Senior United States District Judge
